## The Inhabitants of MOUNT WASHINGTON *versus* The Inhabitants of CLARKSBURGH.

A settlement may be acquired, under *St.* 1821, *c.* 94, by owning an estate of freehold or inheritance, and residing thereon for three years successively, although the land be under mortgage, during the whole time, for its full value.

*It seems*, that the fact of the party's receiving relief, during the three years, from the town in which such estate is situated, will not prevent his acquiring a settlement under this statute, in case he has no settlement in any other town in the Commonwealth.

ASSUMPSIT for expenses incurred in the support of Bradford Pollard, a minor son of Abner Pollard, whose settlement was alleged to be in Clarksburgh.

On a case stated, it appeared, that on the 12th of February, 1829, one Carter conveyed an absolute estate in fee, in about an acre of land in Clarksburgh, to Abner, and that Abner, on the same day, mortgaged the land to Edward Richmond to secure the payment of a note of even date with the mortgage, for

the sum of $ 84·32. On the 10th of June, 1833, Richmond brought an action of ejectment on his mortgage, in which action Abner was defaulted, but no execution was issued ; and after judgment was rendered, Abner agreed with Richmond, verbally, to pay him rent, but never fulfilled the agreement. Abner resided on the premises, with his family, from the time when they were conveyed to him by Carter, until January 1835. They were of no more value than the sum for which they were mortgaged. During the time when Abner lived thereon, he was not worth any property, except such as is before mentioned, and he never paid any thing on the mortgage ; and in August 1831, he called on the defendants for relief, which was afforded to him.

If Abner gained a settlement in Clarksburgh, the defendants were to be defaulted.

*Sumner*, for the plaintiffs, cited *Bolton v. Ballard*, 13 Mass. R. 227 ; *Groton v. Boxborough*, 6 Mass. R. 50 ; *Conway v. Deerfield*, 11 Mass. R. 327 ; *Goodwin v. Richardson*, 11 Mass. R. 469 ; *Barkhamsted v. Farmington*, 2 Connect. R. 600.

*D. N. Dewey* and *Robinson*, for the defendants.

SHAW C. J. The only question in this case is, whether Bradford Pollard, the pauper, had a settlement in right of his father, in the town of Clarksburgh. This depends upon the construction of *St.* 1821, *c.* 94, which provides, that any person of twenty-one years of age, being a citizen of this or any of the United States, having an estate of inheritance or freehold in any town, &c. and living on the same three years successively, shall thereby gain a settlement in the same.

In order to come to a true construction of this act, it may be useful to compare it with that for which it was substituted.

This provision was a substitute for an earlier act, which it repealed, and the effect of which was, to give a settlement in any town to any person, having an estate of inheritance or freehold in the town where he dwelt, of the clear yearly income of three pounds and taking the rents and profits thereof three years successively, whether he lived thereon or not.

The difference between the two provisions will be obvious upon comparison.

*Mount Washington v. Clarksburgh.*

*Sept. 20th.*

*Sept. 22d.*

In the former case, an estate of a certain clear yearly value was required, but not a residence thereon ; in the latter, a residence on the estate is required, but no provision is made in regard to value. The obvious policy of the act was, to regard an actual freeholder living on and occupying his own estate, and continuing that residence for a certain length of time, as one of those permanent inhabitants who should be entitled to share with his townsmen, in the benefits of the charity provided by the public, in case of his standing in need of relief. Taking this to be the policy, there seems to be no ground for departing from a plain and literal construction of the act. Had the legislature intended to limit this privilege to those holding a freehold estate of a certain value, it would have been easy so to declare ; and this statute coming in place of one which had required an estate of a particular value, it cannot be presumed that it was overlooked and forgotten. Besides, that it was intended to change the law in this respect, is highly probable, as it is well known, that the former law was extremely difficult of application and led to frequent and protracted litigation. To ascertain the annual value of a small freehold to a cent, was often an inquiry of extreme difficulty. The legislature probably went on the ground, that a man who has character and stability enough to acquire an estate of freehold, and reside upon it three years, by which he would be likely to improve it and increase its value, and provide a home for himself and family, would, in general, be a person whom it would be safe and prudent to admit to the benefits of a settlement. The Court are of opinion, that according to the plain meaning and true construction of this act, a man otherwise qualified acquires a settlement, by having an estate of inheritance or freehold, without regard to its value, and that it makes no difference, that it is under mortgage. A man in most respects is to be deemed an owner of real estate, although under mortgage. An equity of redemption is deemed to be an estate of inheritance. It is an extreme case where, as in the present, the estate is mortgaged, from the time of its acquisition, for its full value. But we cannot perceive, that this makes any difference in principle. The rule is intended as a general and practical one. A case may be supposed, as where a man purchases a lot of wild land, or land

first begun to be cleared and cultivated, and gives a mortgage to the full amount of the purchase money. The prospect, in general, is, that he will become a substantial inhabitant and useful member of the town, in which he thus takes up his abode, although, from the fall of prices or other circumstances, the estate may never be of more value than the incumbrance.

In regard to the other point, the Court are of opinion, that the circumstance, that some relief was afforded to the inhabitant by the town of Clarksburgh, did not prevent him from acquiring a settlement in that town. We think the case is distinguishable from the two cases cited, *East Sudbury* v. *Waltham*, 13 Mass. R. 460, and *East Sudbury* v. *Sudbury*, 12 Pick. 1. In both those cases, the pauper had a settlement in other towns in the Commonwealth, when he first became chargeable, and those towns were notified that he had become chargeable, and upon such notice they were bound to remove the paupers to their own towns, and could not afterwards rely upon his residence when supported at their expense, or when they ought to have removed him. But, in the present case, it does not appear that the pauper had a settlement in any other town in the Commonwealth, or that the town of Clarksburgh had a right to call on any other town to remove him. Whether this distinction would be decisive or not, we are not called on to decide, because we find, that the pauper did reside three years successively, on his freehold estate, without including the time that he received relief as a pauper. This relief was furnished in August 1831, and he continued to reside in the same place till 1835. The circumstance, that the mortgagee obtained a judgment for possession on his mortgage, he never having taken out execution or entered under it, and the circumstance of the mortgagor's agreeing to pay rent, in this respect, make no difference, not being, in fact, an interruption of the mortgagor's residence.

*Judgment for the plaintiffs.*